AUTORIDAD DE TIERRAS DE PUERTO RICO, demandante y recurrente, *v.* PEDRO PADÍN SANTIAGO, demandado y recurrido.

*Número:* R-74-57      *Resuelto:* 28 de noviembre de 1975

*José Alberty Orona* y *Eileen Meléndez O'Neill,* abogados de la recurrente; *Dario Padín Mimoso,* abogado del recurrido.

PER CURIAM: En este caso expedimos una orden para mostrar causa por la cual la sentencia recurrida no debía ser revocada. El demandado recurrido sometió el caso mediante su memorando en oposición a la expedición del recurso.

Los hechos pueden resumirse como sigue. El demandado era jefe de *croupiers* en el Hotel Americana, en Isla Verde. A la fecha de los hechos vivía en la Urbanización Martorell, en Dorado, Puerto Rico, pero surge del récord que posteriormente se mudó para un condominio en Isla Verde.

El demandado penetró en unos terrenos de la Autoridad de Tierras, ubicados en la playa, al lado de la Carretera Núm. 165 que conduce de Cataño a Dorado, en la costa norte de Puerto Rico y sin permiso alguno comenzó a construir allí una casa de playa o de recreo.

Al enterarse de la referida construcción clandestina, el testigo Ramón Torres Hernández, Ingeniero Agrónomo que trabajaba en el Departamento de Bienes Raíces de la Autoridad, fue al lugar de la construcción y le informó al demandado que dicho terreno pertenecía a la Autoridad de Tierras y le instó a suspender la construcción y a abandonar el lugar, a lo cual no se avino el demandado. Posteriormente, en el juicio, el demandado admitió que los terrenos pertenecen a la Autoridad de Tierras. El testigo Torres Hernández describió como sigue, en el juicio, la estructura que allí vio:

"Observé que habían construído una estructura con toda la parte de afuera, la parte externa construída con pedazos de cartón viejos y madera usada, y por la parte de adentro la estaban forrando con paneles tratados."

Habiendo fracasado las tentativas de la Autoridad de Tierras para que el demandado abandonase su propiedad, la Auto-

ridad instó acción de desahucio en precario. La ilustrada Sala sentenciadora declaró con lugar una solicitud de desestimación del demandado y desestimó la demanda basándose en que habiendo el demandado construido allí una estructura no procedía el desahucio en precario.

La recurrente señala dos errores, uno de los cuales es en el sentido de que erró el tribunal al desestimar la demanda por entender que la acción procedente era la de accesión y no la de desahucio en precario. Somos de opinión que se cometió dicho segundo error y nos explicamos a continuación.

■ A riesgo de repetir, consideramos conveniente precisar lo siguiente. El demandado construyó a sabiendas en terreno ajeno y sin permiso alguno; mientras construía la Autoridad de Tierras por voz del ingeniero y testigo Torres Hernández así se lo reiteró; el que edifica de mala fe en terreno ajeno pierde lo edificado sin derecho a indemnización. Art. 298 del Código Civil, 31 L.P.R.A. sec. 1165.

La prueba desfilada, según consta claramente de la transcripción de evidencia, demuestra que el demandado es un precarista y procedía el desahucio.

■ Además, de haber ocurrido que se trataba de una acción iniciada con nombre o alegaciones incorrectas lo que correspondía era dar una oportunidad al demandante para enmendar las alegaciones y fallar de acuerdo con la prueba. Regla 13 de Procedimiento Civil. Eso sería lo procedente en armonía con los principios de economía procesal y también con los de justicia sustantiva. Las Reglas de Procedimiento se interpretarán de modo que garanticen una solución justa, rápida y económica de todo el proceso. Regla 1 de Procedimiento Civil. Las sentencias concederán el remedio a que tenga derecho la parte, aun cuando ésta no haya solicitado tal remedio en sus alegaciones. Regla 44.3 de Procedimiento Civil. Cualquier defecto en la denominación del pleito o en la súplica del remedio, no será óbice para que el tribunal conceda el remedio

que proceda de acuerdo con las alegaciones y la prueba. Regla 70 de Procedimiento Civil. Véase además, *Moa v. E.L.A.*, 100 D.P.R. 573, 586 (1972); *Cruz v. Director de la Lotería*, 94 D.P.R. 260, 264 (1967); *Sucn. Marrero v. Santiago*, 74 D.P.R. 816, 824 (1953); *Rivera v. Benítez Rector*, 73 D.P.R. 377 (1952); *Mena v. Llerandi*, 70 D.P.R. 176 (1949); *Núñez v. Benítez Rector*, 65 D.P.R. 864 (1946).

Sobre la falta de derecho del que invade terrenos ajenos y construye allí de mala fe, véanse *Catalán González & Cía. Inc. v. García*, 104 D.P.R. 380 (1975) y *Amézquita v. Hernández Colón*, 518 F.2d 8 (1975).

En vista de lo anterior, *se expedirá el auto, se revocará la sentencia recurrida y se declarará con lugar la demanda en este caso. Se devolverá el caso al tribunal de instancia para ulteriores procedimientos compatibles con lo aquí resuelto.*