José Dávila Mundo, demandante y recurrido, *v.* Hospital San Miguel, Inc., etc., demandados y peticionarios.

*Número:* O-85-419      *Resuelto:* 17 de noviembre de 1986

*Gonzalo J. Barreras Varona* de *Abruña, Barreras, Cruz Ojeda & Morales,* abogado del peticionario; *Domingo Pillot Resto,* abogado del recurrido.

LA JUEZ ASOCIADA SEÑORA NAVEIRA DE RODÓN emitió la opinión del Tribunal.

El 8 de diciembre de 1980 el Sr. José Dávila Mundo, presentó en el Tribunal Superior, Sala de Utuado, una demanda en reclamación de daños y perjuicios por impericia médica contra el Hospital San Miguel, Inc. (en adelante Hospital), el Dr. Rafael Alejandro Pichardo, los doctores G y B (nombres ficticios usados para designar a los otros doctores que intervinieron con el señor Dávila Mundo), las compañías de seguros de los demandados, designadas como las compañías L, M, N y F([1]) y la Administración de Compensación al Paciente (en adelante Administración). El demandante no realizó gestión en el caso hasta un año más tarde, cuando compareció para informar al tribunal que el abogado que lo representaba había

---

([1]) Un examen de los autos originales refleja que el demandante recurrido no realizó gestión ulterior en relación con las codemandadas compañías de seguros L, M, N y F, a pesar de conocer, desde enero de 1981, que el demandado Pichardo tenía una póliza de seguro con la Corporación Insular de Seguros, que cubría el tipo de riesgo reclamado.

fallecido, y solicitó permiso para que el Lic. Edwardo García Rexach asumiera su representación. (²)

Transcurrió un año y medio antes de la próxima comparecencia del demandante el 1ro de agosto de 1983. (³) En esta ocasión el licenciado García Rexach solicitó al tribunal que se aceptase su renuncia a la representación profesional, e informó que el 25 de junio de 1982 la madre del demandante, Sra. Cruz Mundo de Dávila, se había llevado el expediente del caso de su oficina. (⁴) El 10 de agosto informó al tribunal la dirección del demandante e indicó que explicó a éste los últimos sucesos procesales del caso, y que el señor Dávila Mundo, a su vez, le expresó que iba a comunicarse con el abogado que continuaría con el caso. Aproximadamente treinta (30) días más tarde, el licenciado Gilot Robledo presentó una moción a

---

(²) El Lic. Edwardo García Rexach compareció junto al Lic. Víctor Domínguez Correa en nombre del demandante desde la presentación de la demanda. Desde ese momento tenía el deber de defender los intereses de su cliente diligentemente. Véase *In re Siverio Orta,* 117 D.P.R. 14 (1986). La solicitud de autorización para comparecer como abogado del demandante no era necesaria, pues ya era el representante de éste.

(³) La inactividad del demandante recurrido contrasta con la diligencia desplegada por los demandados. Los codemandados Hospital San Miguel, Inc. y doctor Pichardo contestaron la demanda el 4 de febrero de 1981 e inmediatamente procedieron a notificar la toma de una deposición, y el 16 de julio de 1981 le enviaron un interrogatorio, el cual no fue contestado por la parte demandante hasta dos años y medio más tarde, el 19 de enero de 1984.

La codemandada Administración sometió una moción de desestimación el 23 de enero de 1981. El 16 de diciembre de 1981 el tribunal dictó sentencia parcial que concedía la desestimación y ordenaba el archivo del caso en cuanto a la Administración. El demandante recurrido nunca compareció a oponerse. Tampoco presentó una moción de desistimiento, a pesar de que en la moción de desestimación la codemandada Administración incluyó una declaración jurada con información que claramente demostraba que no procedía la acción en su contra.

(⁴) Como podrá observarse, a pesar de que el licenciado García Rexach entregó el expediente del caso a su cliente el 25 de junio de 1982, no es hasta pasado más de un año que solicitó que se le relevara de su responsabilidad profesional en el mismo. Durante todo este tiempo no realizó gestión en relación con el mismo. Sobre la responsabilidad de un abogado en un caso presentado ante un tribunal, véanse *In re Siverio Orta,* supra; *Lluch* v. *España Service Sta.,* 117 D.P.R. 729 (1986).

nombre del demandante en que solicitaba treinta (30) días para anunciar la nueva representación legal. Pasaron diez (10) meses antes de la próxima comparecencia del demandante. Una vez más se trató de la renuncia de representación profesional del abogado de récord. (5) El licenciado Gilot Robledo adujo como razón, que a pesar de haber citado al demandante a su oficina en varias ocasiones, éste no había comparecido, y no conocía las razones para estas incomparecencias. El 19 de junio de 1984 el tribunal concedió quince (15) días para anunciar nueva representación legal. Un mes más tarde, el demandante compareció por derecho propio, e informó que había gestionado los servicios profesionales de otros abogados. Solicitó quince (15) días adicionales para informar su nueva representación legal. (6) El 31 de julio el tribunal concedió la moción.

Pasaron más de dos meses sin que el demandante anunciara su nueva representación legal. Ante esta inactividad los codemandados solicitaron la desestimación de la demanda al amparo de la Regla 39.2 de Procedimiento Civil de 1979 (32 L.P.R.A. Ap. III, R. 39.2), alegando incumplimiento con la orden del tribunal. Así las cosas, el 22 de octubre de 1984 el tribunal, motu proprio, dictó una orden que concedía al demandante "una última prórroga de diez (10) días" para anunciar su nueva representación legal y lo apercibía que "de no cumplir, se declarar[ía] con lugar" la moción de desestimación. Esta orden se notificó el 23 de octubre al propio demandante. Aproximadamente mes y medio más tarde, el tribunal dictó sentencia en la cual desestimó la demanda y or-

_____

(5) La próxima gestión del demandante que aparece en el expediente del tribunal es la contestación a unos interrogatorios, con fecha de 19 de enero de 1984.

(6) Finalmente obtuvo representación legal, pero el 13 de junio de 1985 estos abogados también renunciaron.

denó el archivo del caso. El 13 de diciembre de 1984 se archivó en autos copia de la notificación de esta sentencia. (⁷)

Veintiséis (26) días después de archivada en autos copia de la notificación de la sentencia, el demandante solicitó la reapertura del caso mediante moción titulada "Moción Solicitando [*sic*] Reconsideración de la Sentencia". Alegó como razones justificativas lo siguiente: (1) que el demandante tenía una buena y justa causa de acción contra la parte demandada, y (2) que "en este caso han habido [*sic*] ciertas y determinadas circunstancias especiales, debido a las cuales el demandante, inclusive, ha estado [*sic*] sin representación profesional". No explicó ni hizo mención de cuáles eran esas "circunstancias especiales". La parte demandada se opuso a la moción.

Luego de varias posposiciones, todas solicitadas por la parte demandante, el 30 de abril de 1985 se celebró la vista para la discusión de la moción. Como resultado se dejó sin efecto la sentencia, se ordenó la reapertura del caso y se concedió al demandante treinta (30) días para continuar con los trámites del mismo. De esta orden (⁸) recurre ante este Tribunal mediante recurso de *certiorari* la parte demandada. El 11 de julio de 1985 emitimos una resolución en la que ordenábamos al demandante que mostrara causa por la cual no debía revocarse la resolución del tribunal de instancia que dejó sin efecto la sentencia, desestimó la demanda y ordenó el archivo del caso. La parte demandante recurrida ha comparecido y por estar en posición de decidir, así procedemos a hacerlo.

---

(⁷) Mientras esto ocurría, el 3 de diciembre de 1984, los nuevos representantes legales del demandante presentaron una moción para pedir que se les autorizara a asumir la representación legal. Solicitaron además que se les enviara toda la correspondencia a su dirección. La sentencia dictada el 6 de diciembre de 1984 se notificó directamente al demandante recurrido. El 18 de diciembre el tribunal concedió esta moción.

(⁸) Esta orden no se notificó, sólo se notificó la minuta de la vista donde se concedió lo solicitado.

## I

*La desestimación como sanción bajo la Regla 39.2*

La trayectoria procesal de este caso refleja una clara y crasa falta de diligencia en la tramitación del mismo, de parte de algunos abogados que representaron al demandante recurrido Dávila Mundo en distintas etapas del proceso, y del propio señor Dávila Mundo. Desde la presentación de la acción el 8 de diciembre de 1980 hasta el presente, el demandante ha comparecido al tribunal de instancia en *una sola ocasión* en relación con incidentes distintos a la renuncia, asunción de representación profesional en el caso([9]) o solicitud de transferencia de vista. Esa comparecencia fue el 4 de enero de 1985, cuando presentó la moción titulada "Moción Solicitando Reconsideración de Sentencia", que dio lugar a la orden del tribunal que es objeto del presente recurso. Por espacio de casi cinco años y medio el caso ha permanecido inactivo.

Hemos resuelto que cuando un tribunal determina que una situación creada por un abogado amerita la imposición de sanciones, antes de privar a una parte de su día en corte, se deben imponer las mismas a éste como primera alternativa, *Maldonado v. Srio. de Rec. Naturales*, 113 D.P.R. 494 (1982). El fundamento para no imponer sanciones drásticas al cliente es que de "ordinario la parte que ejercita su derecho en corte no está informada de los trámites rutinarios". *Ramírez de Arellano v. Srio. de Hacienda*, 85 D.P.R. 823, 830 (1962). Esta no es la situación en el caso de autos. Al demandante se le informó en varias ocasiones de los procedimientos y sus consecuencias, y se le apercibió, también en más de una ocasión, de las sanciones que acarrearía su falta de cumplimiento y diligencia.

---

([9])La parte demandante cambió de representación legal en cinco (5) ocasiones.

Analicemos la conducta del demandante recurrido. Desde que su madre se llevó el expediente de la oficina del licenciado García Rexach hasta que compareció el Lic. José Gilot Robledo como su nuevo abogado, transcurrió año y medio. Luego, por su incomparecencia a las reuniones con el licenciado Gilot Robledo éste se vio precisado a renunciar al caso. Así transcurrieron otros seis (6) meses sin que el caso se activara. Finalmente, el demandante Dávila Mundo incumplió con las órdenes del tribunal de instancia de 19 de junio y 22 de octubre de 1984 sobre notificación de nueva representación legal, a pesar de habérsele apercibido que el incumplimiento llevaría consigo, como sanción, la desestimación del caso.

En el caso de autos hubo dos apercibimientos notificados al demandante directamente: uno el 22 de junio de 1984 cuando el tribunal le concedió 15 días "para notificar nueva representación legal so pena de desacato", y el otro el 23 de octubre de 1984, cuando el tribunal le concedió, motu proprio, una última prórroga de diez (10) días y le apercibió que de no cumplir se desestimaría la demanda. Fue como consecuencia de este incumplimiento que el tribunal desestimó la demanda.

A la luz de esta situación fáctica y de las normas de derecho enunciadas resolvemos que el tribunal actuó correctamente al desestimar el caso como sanción por incumplimiento con sus órdenes.

## II

*La falta de diligencia y la Regla 49.2(1), (5) y (6)*

Pasemos ahora a analizar si procedía o no la reapertura. Arguye el demandante-recurrido que la moción presentada por él en la cual solicitó el relevo de la sentencia fue erróneamente denominada reconsideración y que en realidad constituía una moción de relevo de sentencia al amparo de la Regla

49.2(1), (5) y (6) de Procedimiento Civil de 1979.([10]) En esto le asiste la razón. Véase la Regla 70 de Procedimiento Civil. *Correa Negrón* v. *Pueblo*, 104 D.P.R. 286, 293 (1975); *A.T.P.R.* v. *Padín Santiago*, 104 D.P.R. 426, 428 (1975); *Soc. de Gananciales* v. *Soc. de Gananciales*, 104 D.P.R. 50, 52 (1975); *Lebrón Velázquez* v. *Romero Barceló*, 101 D.P.R. 915, 921 (1974); *Cruz* v. *Director de la Lotería*, 94 D.P.R. 260, 264 (1967).

■ Al interpretar las Reglas de Procedimiento Civil hay que tener presente, como principio rector, que éstas no tienen vida propia, sólo existen para viabilizar la consecución del derecho sustantivo de las partes. Para lograr impartir justicia al resolver los reclamos de las partes, el tribunal debe hacer un balance equitativo entre los intereses en conflicto ejerciendo especial cuidado al interpretar las reglas procesales para que éstas garanticen una solución *justa*, *rápida* y *económica* de la controversia. Regla 1 de Procedimiento Civil; *Lluch* v. *España Service Sta.*, 117 D.P.R. 729 (1986); *García Negrón* v. *Tribunal Superior*, 104 D.P.R. 727, 729 (1976). Una parte no tiene derecho a que su caso adquiera vida eterna en los tribunales, manteniendo a la otra en un estado de incertidumbre, sin más excusa para su falta de diligencia e interés en la tramitación del mismo que una escueta referencia a "circunstancias especiales".

---

([10]) La Regla 49.2(1), (5) y (6), dispone:

"Mediante moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las siguientes razones:

"(1) Error, inadvertencia, sorpresa, o negligencia excusable;

. . . . . . . .

"(5) La sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continuara en vigor; o

"(6) Cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia."

En el caso de autos se decretó la desestimación de la demanda y se ordenó el archivo del caso al amparo de la Regla 39.2(a), por haber incumplido el demandante con la orden del tribunal que le requería informar su nueva representación profesional dentro del término de diez (10) días.([11]) Si tomáramos este incidente de forma aislada parecería una acción en la cual procedería el relevo de sentencia.([12]) Al resolver una moción de relevo al amparo de la Regla 49.2(1), (5) o (6) el tribunal debe hacer un análisis y balance racional y justiciero de todo el expediente del caso para determinar si bajo las circunstancias específicas del caso hubo "[e]*rror, inadvertencia, sorpresa, o negligencia excusable*" o "*no sería equitativo que la sentencia continuara en vigor*" o existe "[c]*ualquier . . . razón que justifique la concesión de un remedio contra los efectos de una sentencia*". Un análisis del expediente refleja que la orden de desestimación del caso surgió luego de cuatro años y medio de inactividad, y después que el demandante hizo caso omiso durante setenta y seis (76) días de una orden que le concedió quince (15) días para anunciar una nueva representación legal y de otra que le dio diez (10) días adicionales para cumplir con lo requerido. El cumplimiento por parte del demandante, cuatro meses después de vencida la primera orden y más de un mes de vencida la segunda, sin que mediase justificación para la inusitada tardanza, ciertamente denota la continuación de un patrón de

---

([11]) La parte demandante tardó mes y medio en informar su nueva representación legal. Compareció precisamente tres (3) días antes de que el tribunal desestimara la demanda.

([12]) La orden que reabrió el caso y concedió al demandante treinta (30) días para continuar los trámites, surge de la minuta de 30 de abril de 1985. Hemos examinado los autos originales del caso y éstos reflejan que el demandante continúa cruzado de brazos. Con excepción de varios incidentes relacionados con la renuncia y asunción de representación legal, el mismo ha permanecido inactivo.

Cabe recordar que el recurso de *certiorari* presentado el 21 de junio de 1985, al igual que nuestra resolución de 11 de julio que ordena mostrar causa, no tienen el efecto de paralizar los procedimientos en instancia.

conducta indicativo de desidia, desinterés y falta de diligencia, todo ello en claro detrimento del sistema de administración de justicia. La tardanza en el cumplimiento de cualquier orden de un tribunal debe justificarse. *Lluch* v. *España Service Sta.*, supra.

■ Aunque la Regla 49.2 debe interpretarse de forma liberal, esto no significa que se le debe dar atención desmedida a uno de los dos intereses que hay que balancear. 11 *Wright & Miller, Federal Practice and Procedure* Sec. 2857 (1973). El interés de que los pleitos se vean en los méritos amerita protección, pero no puede, bajo toda circunstancia, prevalecer sobre los intereses, igualmente justos, de la parte que ha sido diligente en que se resuelva el caso prontamente y se termine la incertidumbre, y los intereses del público en general en evitar la congestión en los calendarios y las demoras innecesarias en el trámite judicial, promoviendo así la solución justa, rápida y económica de las controversias. *Fine Art Wallpaper* v. *Wolff*, 102 D.P.R. 450, 457 (1974); *Figueroa* v. *Banco de San Juan*, 108 D.P.R. 680, 682 (1979); E. L. Chiesa, *Práctica Procesal Puertorriqueña*, San Juan, Pubs. J.T.S., Inc., 1980, Procedimiento Civil, Vol. II, Cap. VIII, pág. 332. El relevo de sentencia sólo deberá concederse bajo aquellos términos que sean justos. En *Fine Art Wallpaper* v. *Wolff*, supra, pág. 454, "[r]eprobamos la discreción ejercitada por las salas de instancia al dejar sin efecto una sentencia válidamente dictada y reabrir [el] caso ... [a] la luz del prolongado trámite seguido en el [mismo]".

■ Bajo la Regla 49.2 "no es suficiente alegar que la omisión que dio lugar a que se dictase la sentencia se debió a error, inadvertencia, sorpresa o negligencia excusable. Hay que indicar los hechos que constituyen la justificación de la omisión". *Díaz* v. *Tribunal Superior*, 93 D.P.R. 79, 89 (1966). En el caso de autos, el demandante se limitó a utilizar las pa-

labras de la Regla sin ofrecer hechos específicos que justificasen sus conclusiones.

■■■ Los trámites procesales de este caso demuestran una crasa dejadez y falta de diligencia por parte del propio demandante y de sus abogados. Los tribunales de instancia deben desalentar este tipo de conducta con su efectiva, pronta y oportuna intervención. La tolerancia excesiva por parte de los tribunales milita en contra de los fines de la justicia. Los magistrados de instancia deben tomar todas las medidas necesarias para evitar que por desidia de los abogados se dilate la resolución de un caso. Esto lleva consigo la posible imposición de sanción económica a los abogados que actúan con claro menosprecio de la adjudicación rápida de su caso. *Lluch* v. *España Service Sta.*, supra. No podemos pasar por alto que frente a la conducta de total desidia del demandante, la parte demandada desplegó, en todo momento, la mayor diligencia y respeto a las órdenes del tribunal. La Regla 49.2 no puede ser utilizada para premiar conducta de este tipo en perjuicio de los intereses de la otra parte y la buena administración de la justicia. Hemos resuelto que, aunque como regla general no favorecemos la privación de su día en corte a un litigante, ésta es medida procedente en casos extremos, como el presente, en que no hay duda de la falta de diligencia de la parte contra quien se toma la sanción. *Garriga Gordils* v. *Maldonado Colón*, 109 D.P.R. 817 (1980); *Arce* v. *Club Gallístico de San Juan*, 105 D.P.R. 305 (1976); *Acevedo* v. *Compañía Telefónica de P.R.*, 102 D.P.R. 787 (1974); *Ortiz Rivera* v. *Agostini*, 92 D.P.R. 187 (1965); *Ramírez de Arellano* v. *Srio. de Hacienda*, 85 D.P.R. 823 (1962).(13) Una parte que ha acudido al tribunal, pone en movimiento la maquinaria judicial y luego se

---

(13) El demandante tuvo la oportunidad de presentar su causa de acción en una audiencia adecuada conforme a las normas de procedimiento vigentes. A pesar de esa amplia oportunidad, el demandante no ejerció adecuadamente su causa de acción.

cruza de brazos sin mostrar interés y diligencia, a pesar de haber sido apercibida de las consecuencias de su inacción, no puede pretender que ese abuso del proceso sea sancionado por el tribunal, relevándolo de las consecuencias de su comportamiento.

Por todo lo antes expuesto, *se dictará sentencia en la cual se expida el auto de certiorari, se deja sin efecto la sentencia del tribunal de instancia de fecha 30 de abril de 1985 y se confirma la orden de fecha 6 de diciembre de 1984 que desestimó la demanda y ordenó el archivo del caso.*

Los Jueces Asociados Señores Rebollo López y Alonso Alonso no intervienen.