LUIS DURAN RODRIGUEZ
Demandante-Apelante

v.

VICTOR JIMENEZ RIVERA Y OTROS
Demandados-Apelados

Núm. KLAN-95-00004

San Juan, Puerto Rico, a 7 de febrero de 1995

Panel integrado por su presidente, Juez Sánchez Martínez,
y los Jueces Rodríguez de Oronoz y Segarra Olivero

Rodríguez de Oronoz, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Se apela de una sentencia dictada por el Tribunal Superior, Sala de Bayamón, el día 21 de diciembre de 1994.

### I

Los hechos relevantes al recurso surgen de los autos. La parte demandante-apelante presentó demanda en daños y perjuicios el 17 de agosto de 1994. El 13 de septiembre de 1994 el tribunal ordenó a los abogados de las partes a comparecer el 5 de diciembre de 1994 a una reunión sobre los procedimientos a seguirse en el caso. En dicha orden se advirtió a los abogados de las partes que el no comparecer el día citado debidamente preparados podría conllevar la imposición de las sanciones que el tribunal estimara procedentes al amparo de la Regla 37 de Procedimiento Civil.

La parte demandante-apelante no compareció al señalamiento del 5 de diciembre de 1994. Ese mismo día el tribunal emitió una orden requiriendo a la parte demandante-apelante que mostrara causa por la cual no debía desestimarse la demanda por su incomparecencia a la vista señalada. La parte demandante-apelante no cumplió con la referida orden.

El tribunal procedió a ordenar el archivo del caso de epígrafe conforme a las Reglas 1 y 39.2 de las de Procedimiento Civil, 32 L.P.R.A., Ap. III▉

La copia de la notificación de la sentencia fue archivada en autos el 27 de diciembre de 1994. El 30 de diciembre siguiente la parte demandante-apelante solicitó se reconsiderara la misma. El 17 de enero de 1995 el tribunal denegó la reconsideración solicitada, archivándose en autos copia de su notificación el 24 de enero de 1995. El 1ro. de febrero de 1995 se instó el recurso de apelación que nos ocupa.

### II

El apelante señala que:

*"[e]rró el Honorable Tribunal de Instancia al decretar el archivo de la presente reclamación, contrario a lo que ha dispuesto el Honorable Tribunal Supremo de Puerto Rico como primera sanción por incumplimiento y en violación del derecho constitucional del reclamante a ventilar su caso".*

La representación legal de la parte demandante-apelante admite que no compareció al tribunal a la reunión sobre los procedimientos a seguirse en el caso por haber tenido que salir de emergencia fuera de Puerto Rico. Alega que de su oficina se llamó a la oficina de la juez para corroborar si el señalamiento del 5 de diciembre seguía vigente, ya que la parte demandada no había sido emplazada a esa fecha.

Dicha parte no cuestiona la facultad del Tribunal de Primera Instancia de sancionar al abogado por su incomparecencia a la conferencia sobre el estado del caso pautada para el 5 de diciembre de 1994. Más bien objeta lo drástico de la sanción desestimatoria decretada por dicho foro porque repercute fatalmente en su reclamación. De hecho, en su moción de reconsideración ante el foro sentenciador, el abogado expuso que estaría dispuesto a cumplir cualquier otra sanción, que no fuera la desestimación, que tuviera a bien imponerle el tribunal.

### III

A la luz de la situación que tuvo ante sí el tribunal sentenciador, estimamos que alguna sanción procedía.

La realidad es que la representación legal de la parte demandante-apelante, una vez recibió el señalamiento, no podía atribuirse la prerrogativa de no asistir a la vista porque creyera de buena fe que la misma era improcedente por no haberse diligenciado el emplazamiento de la parte demandada. Dicha representación legal debió solicitar por escrito, mediante moción, que se dejara sin efecto el señalamiento por el fundamento previsto o, en la alternativa, acudir a la vista señalada y exponer la situación.

En ausencia de una situación de fuerza mayor, la solicitud de suspensión de un señalamiento es un trámite formal que requiere una moción escrita que cumpla ciertos requisitos y la presentación del arancel dispuesto por ley. Véanse, la Regla 8.4(b) de Procedimiento Civil, L.P.R.A. Ap. III, R.8.4(b); y la Ley Núm. 144 de 23 de julio de 1974, 32 L.P.R.A. sec. 1477. No es un trámite que pueda hacerse con la informalidad que supone una mera llamada telefónica de una secretaria a la oficina del juez.

En aquellos casos en que la situación creada por un abogado, como en el presente caso, amerita la imposición de sanciones el Tribunal Supremo ha resuelto que se debe, en primer término, imponer las mismas al abogado de la parte. Si dicha acción disciplinaria no produce frutos positivos, procede la imposición de la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones tan sólo después que la parte haya sido debidamente informada y/o apercibida de la situación y de las consecuencias que puede tener el que la misma no sea corregida. *Maldonado v. Srio. de Rec. Naturales,* 113 D.P.R. 494 (1982); *Dávila v. Hosp. San Miguel* Inc., 117 D.P.R. 807 (1986).

Es menester recordar en estos casos que existe una política judicial de que los casos se ventilen en sus méritos. *Rivera Santana y otros v. Superior Packaging Inc. y otros,* D.P.R. ___ (1992), **92 J.T.S. 165**; *Lluch v. España Service Sta.,* 117 D.P.R. 729 (1986); *Garriga Gordils v. Maldonado Colón,* 109 D.P.R. 817 (1980); *Coll v. Picó,* 82 D.P.R. 27 (1960).

A la luz de la normativa expuesta es evidente que el tribunal sentenciador debió, en primer término, imponer las sanciones a los abogados de la parte demandante-apelante. La desestimación de la demanda fue un severo castigo a la parte que no se justificaba. Debemos recordar que *"[a]l interpretar las Reglas de Procedimiento Civil hay que tener presente, como principio rector, que éstas no tienen vida propia, sólo existen para viabilizar la consecución del derecho sustantivo de las partes. Para lograr impartir justicia al resolver los reclamos de las partes, el tribunal debe hacer un balance equitativo entre los intereses en conflicto ejerciendo especial cuidado al interpretar las reglas procesales para que éstas garanticen una solución justa, rápida y· económica de la controversia".* (Énfasis nuestro). *Dávila v. Hosp. San Miguel, Inc., supra; Rivera Santana v. Superior Packaging, Inc., supra.*

### IV

Por los fundamentos antes expuestos se revoca la sentencia dictada por el Tribunal Superior, Sala de Bayamón, el día 21 de diciembre de 1994 en el caso número DDP94-0498 y

se ordena la continuación de los procedimientos. El tribunal apelado podrá, a su discreción, imponer a la representación legal de la parte demandante-apelante cualquier sanción que estime procedente.

Lo acordó el Tribunal y lo certifica la señora Secretaria General.

María de la C. González Cruz
Secretaria General

### ESCOLIOS 95 DTA 8

**1.** La Regla 1 de Procedimiento Civil esboza el principio rector de que las reglas se interpretarán de modo que garanticen una solución justa, rápida y económica de todo procedimiento.

La Regla 39.2 de Procedimiento Civil faculta al tribunal para decretar la desestimación del pleito si el demandante deja de cumplir con las reglas o con cualquier orden del tribunal.

**2.** No pasamos juicio sobre si el letrado de la parte recurrente tenía realmente una emergencia porque tratándose de una cuestión fáctica su adjudicación requeriría algún trámite de presentación de prueba. Además, notamos que en la moción de reconsideración se plantea que *"la parte"* tuvo que salir de emergencia fuera de Puerto Rico. Aparentemente la ausencia era de uno de los dos abogados de récord y no existe explicación alguna en los autos originales (que hemos examinado) ni ante nosotros de que el otro abogado no podía comparecer.