Ortiz Carrión, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
La Sra. Myriam Sánchez Díaz, el Sr. José G. Flores Alvarez y la Sra. Gladys Aponte Santini, los *1119 últimos en representación de su hijo menor Francisco E. Flores Aponte, solicitan que se deje sin efecto una resolución del Tribunal de Primera Instancia, Sala Superior de Bayamón. En dicha resolución se denegó una moción para dejar sin efecto una sentencia en la cual se desestimó una demanda presentada por los peticionarios.
I
Para determinar si se debe dejar sin efecto una sentencia al amparo de la Regla 49.2 de las de Procedimiento Civil el Tribunal de Instancia debe hacer:

"un análisis y balance racional y justiciero de toda, el expediente del caso para determinar si bajo las circunstancias específicas del caso hubo '[ejrror, inadvertencia, sorpresa, o negligencia excusable' o 'no sería equitativo que la sentencia continuara en vigor, o existe '[cjualquier... razón que justifique la concesión de un remedio contra los efectos de una sentencia',"

Dávila v. Hospital San Miguel, 117 D.P.R. 807, 817 (1986).
En el caso de autos, el 29 de julio de 1994, los peticionarios presentaron una demanda contra... Daniel Malpica Avilés; su esposa, Jane Doe; y la sociedad legal de gananciales compuesta por ambos. En la demanda se alega que el demandado le causó daños y perjuicios a los demandantes como consecuencia de su negligencia en un accidente automovilístico. El Tribunal de Primera Instancia, Sala Superior de Bayamón señaló una reunión sobre los procedimientos para el 24 de octubre de 1994. El 27 de septiembre de 1994, la representación legal de los demandantes solicitó que se cambiara la fecha de la reunión por tener un señalamiento previo. El Tribunal de Primera Instancia reseñaló la reunión para el 13 de diciembre de 1994. Ante la incomparecencia de los demandantes y de su representación legal a la reunión reseñalada, el Tribunal de Primera Instancia dictó la siguiente sentencia el 20 de diciembre de 1995:

"La conferencia sobre el estado del caso estuvo señalada para el 13 de diciembre pasado. Compareció únicamente la representación legal de la parte demandada, Leda. María Teresa Martín Soto.... La representación legal de la parte demandante, Ledo. Calixto Díaz Alonso no compareció.

El presente caso estuvo señalado originalmente para el pasado 24 de octubre para celebrar una reunión sobre los procedimientos a seguirse en el caso. A solicitud de la parte demandante se transfirió dicho señalamiento para el 13 de diciembre de 1994 y le fue notificada a las partes dicha orden el pasado 11 de octubre. En el día de hoy la parte demandante no ha comparecido ni ha excusado su incomparecencia."

En consideración a lo anterior, el Tribunal desestima la demanda.
Esta sentencia se notificó el 27 de diciembre de 1994. El 27 de enero de 1995, los demandantes solicitaron su reconsideración. El 1 de febrero de 1995, el Tribunal de Primera Instancia declaró no ha lugar la reconsideración por falta de jurisdicción. Esta resolución se notificó el 3 de febrero de 1995. El 10 de abril de 1995 los demandantes solicitaron que se dejara sin efecto la sentencia, invocando la Regla 49.2 de las de Procedimiento Civil y alegan inadvertencia sobre las actuaciones de su abogado El Tribunal de Instancia la declaró no ha lugar el 20 de abril de 1995 y se notificó el 25 de abril de 1995. Los demandantes presentaron la solicitud de certiorari que nos ocupa el 25 de mayo de 1995.
n
El objetivo primordial de la imposición de sanciones es evitar aquella conducta que afecta la eficiente administración de la justicia. Lluch v. España Service Station, 117 D.P.R. 729, 748 (1986). La Regla 37.3 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, dispone que si una parte no comparece a una conferencia preliminar al juicio el tribunal puede desestimar la demanda, imponer el pago de costas y honorarios de abogado o dictar cualquier otra orden que fuera justa como sanción por la incomparecencia. Sin embargo, el Tribunal Supremo de Puerto Rico reiteradamente ha sostenido la postura de que la desestimación del caso debe ser la última sanción a imponerse luego de que otras sanciones hayan demostrado ser ineficaces. En el caso de Maldonado v. Srio. de Recursos Naturales, 113 D.P.R. 494,498 (1982), el Tribunal se expresó de la siguiente manera:

*1120
"No hay duda de que los tribunales tienen el poder discrecional, bajo las Reglas de Procedimiento Civil, de desestimar una demanda o eliminar las alegaciones de una parte; ese proceder, sin embargo, se debe ejercitar juiciosa y apropiadamente.

Planteada ante un tribunal una situación que, de acuerdo con la ley y la jurisprudencia aplicables amerita la imposición de sanciones, éste debe, en primer término imponer las mismas al abogado de la parte. Si dicha acción disciplinaria no produce frutos positivos, procederá la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones, tan solo después que la parte haya sido debidamente informada y/o apercibida de la situación y de las consecuencias que puede tener el que la misma no sea corregida."

La imposición de sanciones económicas en primer lugar responde a la política judicial imperante de que los casos se ventilen en sus méritos. Amaro González v. First Federal Savings Bank, 93 J.T.S. 46, pág. 10541.
En el caso de autos, el Tribunal de Primera Instancia, Sala Superior de Bayamón desestimó la demanda como sanción por los demandantes no comparecer a una conferencia sobre el estado de los procedimientos. De los documentos que obran en el recurso y de la sentencia que se pretende dejar sin efecto, no surge que durante la tramitación del caso haya ocurrido otro incidente en el cual los demandantes hayan incumplido con una orden del Tribunal. De este modo, es razonable concluir que la parte no estaba advertida de la conducta de su abogado y no debe ser sancionada por tal inadvertencia.
Después de analizar los documentos pertinentes a lo planteado por los recurrentes así como la jurisprudencia aplicable, consideramos que el Tribunal de Primera Instancia debió imponerle sanciones económicas al abogado de la parte demandante antes de desestimar la demanda.
Por los fundamentos anteriormente expuestos, se expide la solicitud de certiorari presentada por los peticionarios, se deja sin efecto la sentencia dictada por el Tribunal de Primera Instancia, se ordena la continuación de los procedimientos y se le impone al Ledo. Calixto Díaz Alonso una sanción por la suma de $1,500.00 a nombre del Secretario General del Tribunal para beneficio del Estado Libre Asociado, que deberá depositar en la Secretaría del Tribunal de Primera Instancia en el término de treinta días a partir de la notificación de esta Sentencia, enviando constancia de su cumplimiento a este Tribunal dentro del plazo establecido y se le ordena notificar a su cliente, aquí peticionaria, con copia de esta Sentencia para que esté apercibida sobre el estado de los procedimientos en este caso y las condiciones en que la sentencia del tribunal de instancia fue dejada sin efecto.
Lo acuerda y manda el Tribunal y lo certifica la Secretaria General.
María De La C. González Cruz
Secretaria General
ESCOLIO 96 DTA 287
1, El término de 15 días que concede la Regla 47 de las de Procedimiento Civil expiró el 11 de enero de 1995.