Miranda De Hostos, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
Se presenta un recurso de certiorari de una resolución emitida en corte abierta por el Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de San Juan, en la cual denegó a la parte peticionaria José Acevedo Alfau, el continuar presentando su prueba durante la vista en sus méritos en una causa de acción por Incumplimiento de Contrato y Daños y Perjuicios, donde él era la parte demandada reconvencionista.
El tribunal de instancia una vez terminada la vista ese día, dió por sometido el caso y le concedió a las partes plazo simultáneo de treinta (30) días para presentar por escrito un análisis de prueba y fundamentos de derecho.
Inconforme el peticionario acude ante nos y alega como único error del tribunal de instancia el siguiente señalamiento.

"Erró el tribunal de instancia al impedir que el peticionario terminara de presentar la totalidad de su prueba para la que había solicitado dos días, limitándole el tiempo a un sólo día cuando la prueba anunciada era extensa y abundante mientras que al demandante le permitió desfilar su prueba en dos días cuando había anunciado que le tomaría tres horas; constituyendo dicha Resolución un craso y manifiesto error de derecho."

El día 21 de noviembre de 1995, emitimos una Resolución dirigida a la parte peticionaria para que informara sobre la "[pjrueba documental y testifical anunciada que alegadamente se le ha privado de su derecho de presentación"; y le concedimos tiempo simultáneo a la parte recurrida para exponer su posición. Presentados los escritos por las partes, procedemos a expedir el auto solicitado y revocamos la resolución emitida por el tribunal de instancia, por los siguientes fundamentos.
I
Los hechos pertinentes a la controversia son los siguientes. La parte recurrida presentó una demanda por Incumplimiento de Contrato y Daños y Perjuicios, en el Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de San Juan el 12 de mayo de 1994. La parte peticionaria presentó contestación y reconvencionó a la parte recurrida.
Luego de varios trámites, se presentó y acogió por el tribunal de instancia un Informe sobre Conferencia Preliminar entre Abogados, que gobernaría el curso subsiguiente del pleito.
En dicho informe, el peticionario consignó que utilizaría además de otra prueba, a cinco (5) testigos y dos (2) adicionales de estar disponibles y que necesitaba dos (2) días para desfilar su prueba. La parte recurrida informó que necesitaba tres (3) horas para desfilar su prueba. (Apéndice 9, pág. 36.)
*1282 Sefialada la vista, se separaron tres (3) dIas para tales propósitos, de los cuales la parte recurrida como parte demandante presentó su prueba y la misma fue contrainterrogada durante los dIas 19 y 20 de septiembre de 1995.~ (Apéndice 1, págs. 1 a 6, Minutas de 19 y 20 de septiembre de 1995.)
La parte peticionaria como parte demandada reconvencionista, comenzó a presentar su prueba el tercer dIa de vista, el 21 de septiembre y logró utilizar cinco (5) testigos de los anunciados, quedando pendiente un testigo el cual quedo citado por el tribunal de instancia para el dia siguiente de vista, el dIa 3 de octubre de 1995 ala 1:30 P.M. (Apéndice 1, pág. 8, Minuta de 21 de septiembre de 1995.)
Ese día el representante legal de la parte peticionaria informó al tribunal de instancia, que las tres (3) horas que le concedieron era un tiempo muy corto para poder presentar la prueba que le faltaba, y que necesitaba aproximadamente dos (2) días para culminar con la misma. El tribunal resolvió que desde un principio había advertido a las partes que hicieran buen uso del tiempo, que la próxima fecha disponible era para el mes de abril del año siguiente, por lo cual declaró no ha lugar la solicitud de tiempo de la parte peticionaria para poder completar la presentación de su prueba. La representación legal de la parte peticionaria solicitó al tribumal de instancia una resolución por escrito para acudir en revisión, la cual fue denegada y se le informó que se le notificaría lo resuelto mediante la minuta, continuándose la vista y sometiéndose el caso con la excepción presentada antes mencionada, por la parte peticionaria. (Apéndice 1, págs. 12 a 14, Minuta de 3 de octubre de 1995.)
La parte recurrida alega en su escrito en oposición que las razones entre otras, por lo cual la parte peticionaria no pudo desfilar toda su prueba durante el tiempo disponible fueron: por la desorganización que éste tenía de su expediente profesional, por la manera de presentar la prueba documental y testifical durante la vista, y por utilizar prueba testifical acumulativa. (Alegato en Oposición, págs. 2 y 3.) Además argumenta, que durante la vista se le permitió a la peticionaria el presentar un bloque de documentos, con la oportuna objeción de su parte, y que éste no utilizó dicha "oportunidad" para presentar toda la prueba documental que tenía pendiente, lo cual constituyó una renuncia de su parte para presentar la misma. (Alegato en Oposición, pág. 4.)
No obstante, no presenta alegación alguna que controvierta lo presentado en el recurso, de que el tribunal de instancia le limitó el tiempo a la peticionaria y por consiguiente la oportunidad de la presentación de parte de la prueba testifical y documental, según lo había anunciado.
II
La Constitución del Estado Libre Asociado de Puerto Rico dispone en su Carta de Derechos, Art. II, Sec. 7, que "[njinguna persona será privada de su libertad o propiedad sin debido proceso de ley, ni se negará a persona alguna en Puerto Rico la igual protección de las leyes." La Regla 1 de las Reglas de Procedimiento Civil, 32 L.P.R.A. Ap. III, le garantiza a todos los litigantes que los procedimientos ante el Tribunal General de Justicia, deberán llevarse a cabo de manera justa, rápida y económica. Recae en los tribunales de instancia la responsabilidad de que estos principios de agilizar los trámites judiciales, se cumplan dentro de las garantías del debido proceso de ley. Lluch v. España Services Station, 117 D.P.R. 729, 751 (1986).
Nuestro más alto foro ha sido enfático al pronunciarse que en "[tjodo procedimiento adversativo el debido proceso de ley debe satisfacer los siguientes requisitos: 1) notificación adecuada del proceso; 2) proceso ante un juez imparcial; 3) oportunidad de ser oído; 4) derecho a contrainterrogar testigos y examinar evidencia presentada en su contra; 5) tener asistencia de abogado y 6) que la decisión se base en el récord." Feliciano Figueroa v. Toste Piñero, opinión 15 de diciembre de 1993, 93 J.T.S. 161, pág. 11366. (Enfasis suplido.) La oportunidad de ser oído que incluye la de confrontar la prueba en su contra, debe darse dentro de un marco de razonabilidad y sin limitar que una parte pueda ejercer el mismo de forma efectiva. La privación de tal derecho puede constituir en ciertas circunstancias una violación al debido proceso de ley. Rivera Rodríguez v. Lee Stowells, opinión de 30 de junio de 1993, 93 J.T.S. 111, pág. 10931.
III
En el presente caso la parte peticionaria había informado en el informe de la conferencia entre abogados, que necesitaba aproximadamente dos (2) días para presentar su prueba y la parte recurrida, informó que necesitaba tres (3) horas.
*1283 De la evaluación de los documentos ante nuestra consideración podemos concluir que la parte recurrida presentó su prueba, en exceso del término que había informado en los informes de conferencias preliminares. No obstante por la preocupación de la dilación del proceso, el tribunal limitó el tiempo a la parte peticionaria para presentar la prueba documental y testifical, en particular los testigos José A. Acevedo Alfau e Isidro Garibaldi Florentino, la cual se había anunciado previamente y alegadamente está relacionada con la controversia a adjudicarse. 
De los documentos y las alegaciones ante nos, no surge que se hayan tomado determinaciones finales guiadas por el tribunal en el proceso previo a la vista, sobre la prueba a ser ofrecida y admitida, según provisto en la Regla 37 de las Reglas de Procedimiento Civil. En el recurso se señala que las dos primeras conferencias con antelación al juicio citadas por el tribunal se convirtieron en unas sobre el estado del caso. Se indica además que en la conferencia del 18 de julio de 1995, el tribunal ordenó a las partes que se reunieran para examinar la prueba y hacer estipulaciones. También, que las partes se reunieran durante el mes de agosto, como resultado de lo que se presentó en un Informe de Conferencia con Antelación al Juicio Enmendado, de 8 de septiembre de 1995. Contrario al informe de 4 de abril de 1995, el enmendado fue sólo suscrito por el peticionario.
El primer día de la vista en su fondo, el 19 de septiembre de 1995, surgieron discrepancias en cuanto a la prueba documental del informe enmendado, alegando el recurrido que no le fue suministrado.
Lo anterior demuestra que como no parecen haberse dilucidado previamente al juicio los asuntos concernientes a la admisibilidad de la prueba, ésta fue ofrecida en el juicio, causando ello tardanzas en su presentación.
Aun si hubiese mediado la conferencia con antelación al juicio dispuesta en la Regla 37, ésta preceptúa que aunque la orden del tribunal sobre lo acordado en la conferencia gobernara el curso subsiguientemente del pleito, podrá ser modificada para "[ijmpedir manifiesta injusticia". Regla 37.1.
Si bien es cierto que pudo haber mediado desorganización en la presentación de la prueba por el peticionario, a pesar de los esfuerzos del tribunal para limitar la controversia, el balance de los intereses y el derecho del peticionario a presentar la prueba renunciada, justifican se le dé oportunidad de así hacerlo.
IV
Por los anteriores fundamentos se expide el auto de certiorari solicitado, se revoca la resolución emitida en corte abierta por el Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de San Juan, el día 3 de octubre de 1995, y se le ordena que señale la continuación de la vista en la fecha que así lo entienda conveniente, donde se permita a la parte aquí peticionaria terminar la presentación de la prueba anunciada, sin menoscabo de su autoridad para reglamentar los procedimientos. Dávila v. Hosp. San Miguel, Inc., 117 D.P.R. 807, 819 (1986).
Lo acordó y manda el Tribunal y lo certifica la Secretaria General.
María de la C. González Cruz
Secretaria General
ESCOLIOS 95 DTA 325
1. De la minuta de 21 de septiembre de 1995, no surge el nombre del testigo. (Apéndice 1, pág. 8.) Posteriormente se informó mediante moción ante nos, que el señor Isidro Garibaldi Florentino no había declarado.
2. Véase Demanda, Contestación a la Demanda y Reconvención y el anuncio de prueba a presentarse en el Informe de Conferencia con Antelación al Juicio. (Apéndices 2 y 3, págs. 12 a 25 y 36; Apéndice 9, pág. 36.)
3. El tribunal de instancia en el descargo de su responsabilidad, determinará sobre la admisibilidad de la prueba *1284 que se presente e inclusive, podrá programar que las partes se reúnan para que diluciden sobre posibles estipulaciones de la prueba que resta por ser presentada y el tiempo necesario para su presentación.