Martínez Torres, Juez Ponente
TEXTO COMPLETO DE LA RESOLUCION
El antiguo Tribunal de Distrito dictó sentencia en rebeldía en este caso el 6 de agosto de 1992, en la que condenó al demandado Félix Nieves Molina al pago de $3,201.84, más intereses, costas y $400 de honorarios de abogado. Cuando el tribunal emitió una orden-en aseguramiento de sentencia en noviembre de 1992, el demandado presentó por derecho propio una moción jurada de relevo de sentencia y de inhibición del juez sentenciador, Hon. Gabriel A. García Rosario. Ello no obstante, la demandante Capitales, Inc. obtuvo el embargo de un inmueble en Río Piedras, propiedad del demandado.
*1377 El 26 de febrero de 1993, la Juez Administradora de Distrito de Carolina, Hon. Lourdes V. Velázquez Cajigas, denegó la moción de inhibición del Juez García Rosario. De esa decisión, el demandado Nieves Molina presentó un escrito de "Revisión y/o Apelación" el 3 de mayo de 1993. Este fue considerado como una petición de certiorari y denegado por el Tribunal Superior el 19 de octubre de 1994 (Hon. Antonio J. Amadeo Murga, Juez). El caso fue devuelto para la consideración de la solicitud de relevo de sentencia, todavía pendiente.
El 7 de noviembre de 1994, el Tribunal de Distrito (Hon. Lydia E. Couvertier, Juez) citó a las partes a comparecer el 13 de febrero de 1995 a discutir la moción de relevo de sentencia. Consta en el expediente que el demandado Nieves Molina fue notificado de ese señalamiento el 16 de noviembre de 1994.
Este, sin embargo, no compareció. Aun así, el tribunal escuchó los planteamientos de la parte demandante, incluyendo el testimonio de la persona que supuestamente emplazó al demandado Nieves Molina con copia de la demanda. Ante lo escuchado en la vista, el ahora Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de Carolina, dejó en pleno vigor la sentencia en rebeldía de 6 de agosto de 1992. Así consta en su resolución de 11 de abril de 1995, notificada el 5 de mayo siguiente.
De esa resolución, el demandado Nieves Molina presentó el 18 de mayo de 1995 en la Secretaría del Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de Carolina, un escrito de "Revisión y/o Apelación a Resolución". En él solicita que se deje sin efecto la resolución de 11 de abril de 1995 porque supuestamente no fue notificado del señalamiento de la vista que dio lugar a esa resolución. Además solicita que se deje sin efecto la sentencia del Tribunal Superior de 19 de octubre de 1994 que denegó su anterior petición de certiorari.
Por alguna razón que no surge del expediente, en lugar de referirse a este Tribunal de Circuito.de Apelaciones la petición del demandado, la misma fue "resuelta" por la Sub-sección de Distrito con un escueto "no ha lugar". Orden de 8 de junio de 1995, notificada el 14 de junio siguiente. Esto motivó al demandado a presentar un escrito similar de "Reconsideración, Revisión y/o Apelación a Sentencia", el 12 de junio de 1995 ante la Sub-sección de Distrito, Sala de Carolina, así como otro escrito titulado. "Apelación a Orden y Resolución", esta vez ante el inexistente "Tribunal.Superior', Unidad Especial de Jueces de Apelaciones", el 12 de julio de 1995. Todos estos escritos fueron referidos a nuestra consideración.
En primer lugar, tenemos que aclarar que carecemos de jurisdicción para alterar las. sentencias finales y firmes en este caso. La sentencia en rebeldía emitida por el antiguo Tribunal de Distrito el 6 ' de agosto de 1992 sólo podría ser dejada sin efecto mediante el procedimiento de relevo de sentencia ya instado si el demandado-peticionario probare su alegación de que no fue emplazado debidamente.
Precisamente en cuanto a la resolución de 11 de abril de 1995 en la que se reafirma que el demandado Nieves Molina fue emplazado adecuadamente y se deniega la moción de relevo de sentencia, entendemos que el escrito de 18 de mayo de 1995 del demandado puede considerarse como una oportuna solicitud de certiorari bajo el Artículo 4.002(c) de la Ley de la Judicatura, supra, presentada en la Secretaría del Tribunal de Primera Instancia, según lo permite el Artículo 4.001 de la misma ley. Debió ser referida a este Tribunal de inmediato. Es por eso que ahora la consideramos en sus méritos.
Nuestro análisis revela que el peticionario no ha demostrado los méritos de su moción de relevo de sentencia. Por el contrario, consta en autos y se constató en la vista de 13 de febrero de 1995, que fue debidamente emplazado. El demandado-peticionario fue debidamente citado a dicha vista para evaluar su moción de relevo de sentencia. Allí pudo haber planteado todo lo que ahora señala como error, pero no compareció.
Una parte que ha acudido al tribunal, pone en movimiento la maquinaria judicial y luego se cruza de brazos sin mostrar interés y diligencia, a pesar de haber sido apercibida de las consecuencias de su inacción, no puede pretender que ese abuso del proceso sea sancionado por el tribunal, relevándolo de las consecuencias de su comportamiento. Dávila v. Hospital San Miguel, 117 D.P.R. 807, 819-20 *1378 (1986).
Por consiguiente, denegamos el auto de certiorari.
Lo acordó el Tribunal y lo certifica la Secretaria General.
María de la C. González Cruz
Secretaria General
ESCOLIOS 96 DTA 18
1. El Tribunal también indicó que si se consideraba el escrito de 3 de mayo de 1993 como una apelación de la sentencia de 6 de agosto de 1992, cuyo archivo en autos fue notificado el 19 de agosto de 1992, la apelación resultaba tardía, lo que privaba de jurisdicción al tribunal para considerarla. Regla 53.1(a) de Procedimiento Civil.
2. Por virtud del Artículo 9.001 del Plan de Reorganización Núm. 1 de la Rama Judicial, aprobado el 28 de julio de 1994, según enmendado, conocido como la "Ley de la Judicatura de Puerto Rico de 1994", a partir del 24 de enero de 1995 "las Secciones del Tribunal de Primera Instancia conocidas cómo Tribunal Superior y Tribunal Municipal se consolidarán y se conocerán como Tribunal de Primera Instancia...." El Tribunal de Distrito quedará abolido en ocho (8) años a partir de la vigencia de esta Ley, permaneciendo durante el proceso de abolición como una subsección del Tribunal de Primera Instancia consolidado." A tales efectos, el Juez Presidente del Tribunal Supremo, Hon. José A. Andréu García, dispuso administrativamente que estas secciones se denominarán respectivamente, Sala Superior, Sala Municipal y Sub-sección de Distrito. Véase la Orden Administrativa Núm. IV de 20 de enero de 1995, según enmendada.