# 98 DTA 140

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL VI DE CAGUAS/HUMACAO/GUAYAMA
PANEL I**

LEONARDO RAMOS
Peticionario

v.

GOBIERNO DE PUERTO RICO, DEPARTAMENTO
DEL TRABAJO Y RECURSOS HUMANOS
Recurridos

Núm. KLCE-98-00129

San Juan, Puerto Rico, a 26 de marzo de 1998

Panel integrado por su Presidente, Juez senor Brau Ramírez,
y los Jueces señor Colón Birriel y señora Pesante Martínez

Pesante Martínez, Juez Ponente

**TEXTO COMPLETO DE LA RESOLUCION**

**I**

El 30 de septiembre de 1997 el peticionario, Leonardo Ramos, presentó por derecho propio una demanda contra el Estado Libre Asociado de Puerto Rico y el Departamento del Trabajo y Recursos Humanos. El 28 de octubre de 1997 la Secretaria General emitió dos (2) emplazamientos a nombre de los demandados y el 5 de noviembre ambos emplazamientos fueron diligenciados personalmente. En los mismos se les apercibió que debían presentar su contestación a la demanda en el término de sesenta (60) días a contarse desde el diligenciamiento de los emplazamientos o se les podría dictar sentencia en rebeldía.

El 9 de enero de 1998, transcurrido sesenta y cuatro (64) días desde el diligenciamiento de los emplazamientos, el peticionario presentó una Moción para que se anote la rebeldía de la parte

demandada y se dicte sentencia. El 21 de enero el Tribunal de Instancia dictó una resolución declarándola *"No ha lugar en estos momentos"*.

Inconforme con dicha determinación el peticionario acude ante esta Curia alegando, en síntesis, que erró el Tribunal de Instancia al negarse a encontrar a los demandados incursos en rebeldía.

Denegamos la expedición del recurso de *certiorari*. A continuación elaboramos los fundamentos que sostienen nuestra decisión.

## II

La Regla 45.1 de las Reglas de Procedimiento Civil, 32 L.P.R.A. Ap. III, dispone que:

*"Cuando una parte contra la cual se solicite una sentencia que concede un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma según se dispone en estas reglas, y este hecho se pruebe mediante declaración jurada o de otro modo, el secretario anotará la rebeldía.*

*El tribunal a iniciativa propia o a moción de parte podrá anotar la rebeldía a cualquier parte conforme a la Regla 34.2 (b) (3).*

*Dicha anotación tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas, sujeto a lo dispuesto en la Regla 45.2(b)."*

A su vez, la Regla 45.5 de las Reglas de Procedimiento Civil, 32 L.P.R.A. Ap. III, aclara que:

*"No se dictará sentencia en rebeldía contra el Estado Libre Asociado de Puerto, sus municipios, agencias o instrumentalidades ni contra un funcionario en su carácter oficial, a menos que el reclamante pruebe, a satisfacción del tribunal, su reclamación o derecho al remedio que solicita."*

Como se puede apreciar, las reglas aludidas no sólo le conceden discreción al tribunal para que anote la rebeldía de una parte sino que expresamente dispone que no se le anotará la rebeldía al Gobierno de Puerto Rico hasta que se demuestre a satisfacción del tribunal que el promovente tiene derecho al remedio que solicita.

En el presente caso, al momento de presentarse la solicitud de anotación de rebeldía la parte demandada sólo tenía cuatro (4) días de atraso. Ello es así, porque la Regla 10.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, establece que cuando el Estado Libre Asociado de Puerto Rico, sus funcionarios o una de sus instrumentalidades que no fuere una corporación pública fueran demandadas tendrán un término de sesenta (60) días para notificar su contestación, a contarse desde que se diligencie el emplazamiento y se entregue copia del emplazamiento y la demanda. Como mencionáramos anteriormente, el demandante presentó la anotación de rebeldía a los sesenta y cuatro (64) días.

Cabe destacar que los tribunales tienen como política pública el deber de hacer todo lo que esté a su alcance para que los casos se ventilen en sus méritos y no por sutilezas legales de alegaciones y procedimientos. *Reyes Castillo v. Cantera Ramos, Inc.,* __ D.P.R. __ (1996), **96 J.T.S. 9**, pág. 605, opinión de 24 de enero de 1996. Ello quiere decir, que *"[l]as normas procesales deben interpretarse de forma liberal para evitar la multiplicidad de acciones litigiosas y complejidad innecesaria en las acciones"*. *Banco Santander P.R. v. Fajardo Farms Corp.,* __ D.P.R. __ (1996), **96 J.T.S. 100**, pág. 1357, opinión de 28 de junio de 1996. De igual modo, los tribunales deben velar porque los casos se resuelvan con prontitud, se evite la congestión de los calendarios y las demoras innecesarias en el trámite judicial. *Correa Canales v. Marcano Gracia,* __ D.P.R. __ (1996), **96 J.T.S. 1**, pág. 542, sentencia de 12 de enero de 1996.

No hay duda que, de ordinario, vencido los términos para contestar una alegación procede la sanción de una sentencia en rebeldía. No obstante, somos del criterio que el Tribunal de Instancia no abusó de su discreción al negarse, por el momento, a anotarle la rebeldía a los demandados.

Al interpretar las Reglas de Procedimiento Civil hay que tener presente, como principio rector, que

éstas no tienen vida propia, sólo existen para viabilizar la consecución del derecho sustantivo de las partes. Para lograr impartir justicia al resolver los reclamos de las partes el tribunal debe hacer un balance equitativo entre los intereses en conflicto ejerciendo especial cuidado al interpretar las reglas procesales para que éstas garanticen una solución justa, rápida y económica de la controversia. *Rivera Santana v. Superior Packing, Inc.*, __ D.P.R. __ (1992), **92 J.T.S. 165,** pág. 10163 citando a *Dávila v. Hospital San Miguel, Inc.*, 117 D.P.R. 816 (1986).

No consta en los autos que dicho atraso le haya ocasionado daño al demandante y la corta dilación podría estar justificada. Habida cuenta de la importancia que tiene el que todo litigante tenga su día en corte, resolvemos no intervenir con la discreción del Tribunal de Instancia.

Por los fundamentos antes expuestos se deniega la expedición del recurso de *certiorari.*

Lo acordó el Tribunal y lo certifica la Secretaria General.

Lcda. Aida I. Oquendo Graulau
Secretaria General