ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| SERGIO ARIAS CAO<br><br>APELANTE<br><br>v.<br><br>HILDA MARÍA<br>ARIAS CAO<br><br>APELADA | KLAN202400853 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Civil Núm.<br>CA2021CV01326<br><br>Sobre:<br>Injunction (entredicho provisional, injunction preliminar y permanente), libelo, calumnia o difamación) |

Panel integrado por su presidenta, la Jueza Ortiz Flores, la Jueza Romero García y la Jueza Santiago Calderón

Ortiz Flores, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de octubre de 2024.

Comparece ante este foro intermedio el señor Sergio Arias Cao (Sr. Sergio Arias; apelante) y nos solicita que revoquemos la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Fajardo (TPI), la cual desestimó con perjuicio la *Demanda* del apelante al amparo de la Regla 39.2(b) de Procedimiento Civil.

Adelantamos que, por los fundamentos que expondremos a continuación, revocamos la decisión objeto del recurso de epígrafe.

**I**

El caso que nos ocupa tuvo su inicio el 1 de junio de 2021, cuando el Sr. Sergio Arias presentó una *Demanda* contra la señora Hilda María Arias Cao (Sra. Hilda Arias; apelada), en la cual solicitó que el tribunal emitiera una orden de cese y desista por difamación y libelo además de una compensación total de $175,000 por daños.[1] Al enfrentarnos a un caso que comenzó hace tres años, inevitablemente han ocurrido varios trámites procesales. No obstante, nos circunscribimos a los hechos que ocurrieron a partir del 10 de agosto de 2023, los cual nos conciernen en cuanto al caso

---

[1] Apéndice del recurso, págs. 1-6.

Número Identificador
SEN2024_____

ante nuestra consideración. Como parte del desarrollo del caso, se había señalado una continuación de la conferencia con antelación al juicio para el 10 de agosto de 2023 por acuerdo entre las partes. Sin embargo, el Sr. Sergio Arias no compareció a dicha conferencia. Por tal razón, el 11 de agosto de 2023, el TPI emitió una *Orden* donde concedió al Sr. Sergio Arias diez (10) días para que mostrara causa por la cual no se le debía imponer una sanción económica de quinientos ($500.00) dólares por su incomparecencia.[2] Dicho plazo venció el 21 de agosto de 2023 sin que el apelante cumpliera con lo ordenado. La conferencia con antelación al juicio quedó reseñalada para el 2 de noviembre de 2023 a las 4:00p.m. mediante videoconferencia.[3]

Luego de aproximadamente dos (2) meses, el 27 de octubre de 2023, el TPI emitió una *Orden* donde hizo constar que la última vez que el caso había tenido algún movimiento había sido el 10 de abril de 2023. A raíz de ello ordenó al apelante que mostrara causa, nuevamente dentro de diez(10) días, por la cual el caso no debía ser desestimado y archivado por falta de trámite a tenor con la Regla 39.2(b) de Procedimiento Civil, y, en el mismo plazo, curara su incumplimiento de la *Orden* del 11 de agosto de 2023.[4] El Sr. Sergio Arias compareció, este mismo día 27 de octubre de 2023, mediante el escrito titulado *Moción Cumpliendo Orden Expresando Excusas Sometiendo y Aranceles de Suspensión de Vista de Conferencia con Antelación al Juicio.*[5]

Cumplida la *Orden* del 27 de octubre de 2023 y sin la imposición de sanción alguna, el caso continuó su curso. El 29 de enero de 2024, el TPI encomendó a las partes que dentro de un plazo de treinta(30) días coordinaran entre sí y propusieran al tribunal fechas alternas para la celebración del juicio en su fondo.[6] Esto último porque las fechas originalmente pautadas fueron dejadas sin efecto por conflictos con el

---

[2] Véase Entrada Núm. 98 del caso en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[3] *Id.*
[4] Véase Entrada Núm. 99 de SUMAC.
[5] Véase Entrada Núm. 100 de SUMAC.
[6] Véase Entrada Núm. 105 de SUMAC.

calendario del tribunal. Empero a lo anterior, el tribunal no recibió comunicación de ninguna de las partes, por lo que el 6 de agosto de 2024 emitió una *Orden* para que se mostrara causa. Dicha *Orden* instruyó específicamente lo siguiente:

Vistas las disposiciones de la Regla 39.2 (b) de las Reglas de Procedimiento Civil, el tribunal ordenará la desestimación y el archivo de todos los asuntos civiles pendientes en los cuales no se haya efectuado trámite alguno por cualquiera de las partes durante los últimos seis meses, a menos que tal inactividad se le justifique oportunamente. Se emite Orden de Mostrar Causa para que la parte demandante justifique la inactividad en el presente caso. Se requiere a la parte demandante que dentro del término de diez (10) días, contados de la fecha de notificación de esta orden, exponga por escrito las razones por las cuales no deba desestimarse este caso decretándose su archivo.

**Notifíquese a partes y abogados.**

Dada en Fajardo, Puerto Rico, a 31 de julio de 2024.[7]

Al próximo día, 7 de agosto de 2024, el apelante compareció mediante moción donde expuso lo siguiente:

AL HONORABLE TRIBUNAL: COMPARECE la parte demandante de epígrafe por conducto de su representación legal que suscribe y muy respetuosamente, EXPONE, ALEGA Y SOLICITA:

1. Que la demandante en el día de hoy informa que a tenor con lo ordenado se solicita se sirva la Curia a señalar el caso para estatus y para escoger la fecha para juicio en su fondo[.]

2. Que se expresa que el caso ya está listo para ser ventilado en juicio y lo que falta y lo que las partes estaban esperando, era que se señalara por el Tribunal y no por las par[t]es.

3. Que se suplica se nos excuse, por las demoras causadas[,] además[,] estamos en espera de la contestación a una oferta trans[ac]cional que se le curs[ó] [a la] otra parte en ánimo de finiquitar todas las [c]ontroversias[.]

Respetuosamente sometida, en Fajardo, Puerto Rico hoy 7 agosto de 2024.[8]

La Sra. Hilda Arias no compareció y el 9 de agosto de 2024 el TPI emitió su *Sentencia* donde ordenó la desestimación con perjuicio y archivo del caso.[9] En su dictamen detalló lo siguiente:

La Demanda de este caso se presentó el 1 de junio de 2021. Luego de varios incidentes procesales, el 19 de enero de 2023 (Entrada 85), se celebró una Conferencia Con

---

[7] Apéndice del recurso, pág. 35.
[8] Apéndice del recurso, pág. 36.
[9] Apéndice del recurso, pág. 37.

Antelación al Juicio, y por no estar completado el descubrimiento de prueba, se reseñaló para el 10 de abril de 2023, concediéndoles a las partes, 45 días para culminar con las negociaciones transaccionales y preparar el informe.

El 26 de octubre de 2023 (Entrada 99), se le ordenó a la parte demandante, por vez primera, que mostrara causa por la cual el caso no debía ser desestimado por falta de trámite y, en el mismo plazo, curar su incumplimiento con la Orden del 11 de agosto de 2023 (Entrada 98). Esta orden fue cumplida por la parte demandante el 27 de octubre de 2023.

El 24 de enero de 2024, este Tribunal emitió una orden informando que, por conflictos en el calendario del Tribunal, se dejaban sin efecto los señalamientos pautados para los días 6, 8 y 9 de febrero de 2024, y se emitió Orden a las partes, para que coordinaran e informaran, en un plazo de 30 días, tres fechas alternas para la celebración del juicio en su fondo. Hoy, esta Orden no ha sido cumplida.

El 6 de agosto de 2024 (Entrada 106), se emitió una segunda Orden de mostrar causa a la parte demandante, por la cual el caso no debía ser desestimado por falta de trámite. La escueta y vaga Moción recibida, no subsana el craso incumplimiento.

En virtud de lo dispuesto en la Regla 39.2(a) y (b) de las de Procedimiento Civil, el Tribunal Desestima y archiva el caso de epígrafe, Con Perjuicio, por falta de trámite e incumplimiento con las Órdenes del Tribunal.[10]

Luego de declarada No Ha Lugar una *En[é]rgica Moción de Reconsideraci[ó]n*,[11] y el TPI expresar que el incumplimiento de la parte apelante había sido craso y repetitivo, el Sr. Sergio Arias acude ante nosotros mediante el recurso de epígrafe y realiza el siguiente señalamiento de error:

ERR[Ó] EL TRIBUNAL DE PRIMERA INSTANCIA SALA DE FAJARDO AL DESESTIMAR LA DEMANDA CON PERJUICIO SIN RAZ[Ó]N O FUNDAMENTO LEGAL EN CLARO ABUSO DE SU DISCRECI[Ó]N

Recibida la apelación, el 23 de septiembre de 2024, emitimos una *Resolución* donde concedimos a la apelada hasta el 18 de octubre de 2024 para presentar su alegato. Esta compareció oportunamente y al quedar el recurso perfeccionado nos encontramos en posición de resolver.

---

[10] *Id.*
[11] Apéndice del recurso, págs. 39-43.

**II**

Las Reglas de Procedimiento Civil, 32 LPRA Ap. V, proveen para que un tribunal, a iniciativa propia o a solicitud de la parte demandada, pueda decretar la desestimación de la demanda u otras alegaciones si la parte demandante o promovente deja de cumplir con las reglas procesales o con cualquier orden del tribunal. En específico, la Regla 39.2(b) de Procedimiento Civil, 32 LPRA Ap. V, R. 39.2(b), regula las desestimaciones por inactividad o dejadez, la cual es un mecanismo que el tribunal emplea a su discreción para darle fin a un caso que ha sido desatendido por un litigante. *Cirino González v. Adm. Corrección et al.*, 190 DPR 14, 49 (2014). **No obstante, la discreción judicial está condicionada por una serie de salvaguardas reconocidas a la parte litigante.**

La desestimación es la sanción más drástica que puede imponer un tribunal ya que tiene el efecto de una adjudicación en sus méritos y, por lo tanto, cosa juzgada, salvo que sea por falta de jurisdicción o de parte indispensable. 32 LPRA Ap. V., R. 39.2(c). *Sánchez v. Adm. Corrección et al.* 177 DPR 714 (2010), R. Hernández Colón, *Práctica Jurídica de Puerto Rico, Derecho Procesal Civil*, 5ta ed. San Juan, PR, Ed. LexisNexis, pág. 369 (2010). Ciertamente "[u]na parte no tiene derecho a que su caso adquiera vida eterna en los tribunales". *Dávila v. Hosp. San Miguel, Inc.*, 117 DPR 807, 816 y 818 (1986); *Lluch v. España Service Sta.*, 117 DPR 729 (1986). No obstante, el uso desmesurado de este mecanismo procesal puede vulnerar el fin que persiguen los tribunales, que es impartir justicia. *Sánchez Rodríguez v. Adm. Corrección, supra*, pág. 721. Por tanto, subrayamos que "al ser esta sanción la más drástica que puede imponer un tribunal ante la dilación en el trámite de un caso, se debe recurrir a ella en casos extremos". *Id.*, citando a *Álamo Romero v. Adm. de Corrección*, 175 DPR 314 (2009).

A la luz de lo anterior, ha sido resuelto por nuestro Más Alto Foro e incluso posteriormente codificado en las Reglas de Procedimiento Civil de 2009, que antes de ordenar la desestimación de un pleito el tribunal debe

recurrir a medidas alternas primero. A tales efectos ha expresado que "la desestimación de un caso como sanción, debe prevalecer únicamente en situaciones extremas en las cuales *haya quedado demostrado de manera clara e inequívoca la desatención y el abandono total de la parte con interés y 'después que otras sanciones hayan probado ser ineficaces en el orden de administrar justicia y, en todo caso, no debería procederse a ella sin un previo apercibimiento'*". (Énfasis en el original.) *Mun. de Arecibo v. Almac. Yakima*, 154 DPR 217, 222 (2001) citando a *Ramírez de Arellano v. Srio.de Hacienda*, 85 DPR 823, 829-830 (1962). Además, ante una situación que amerite sanciones, el tribunal debe imponerlas, **en primera instancia**, al abogado de la parte. En caso de que dicha acción disciplinaria no surta efectos positivos, procederá la imposición severa de la desestimación de la demanda o eliminación de las alegaciones *únicamente después que la parte haya sido propiamente informada y apercibida de la situación y de las consecuencias que pueda tener el que [e]sta no sea corregida.* (Énfasis en el original.) *Mun. de Arecibo v. Almac. Yakima*, *supra*, págs. 222-223 citando a *Maldonado v. Srio. de Rec. Naturales*, 113 DPR 494, 498 (1982); *Lluch v. España Service Sta.*, *supra*.

Incluso, en uno de los casos más recientes,[12] el Tribunal Supremo resolvió que el tribunal está facultado para imponer una desestimación o eliminación de las alegaciones cuando la parte haya sido notificada directamente de las consecuencias del incumplimiento de las órdenes del tribunal. Lo anterior responde "a la realidad de que en la mayoría de los casos 'las partes no están enteradas de la actuación negligente de sus abogados [o abogadas] y, al advenir en conocimiento de ello, la situación es corregida de inmediato'. En consecuencia, '[p]ara proteger a la parte de las actuaciones negligentes de su abogado [o abogada]', se resolvió que el tribunal debe tomar ciertos pasos para garantizar que la parte propiamente conozca los incidentes procesales de su causa de acción para así tomar

---

[12] *HRS Erase, Inc. v. Centro Médico del Turabo, Inc.*, 205 DPR 689 (2020).

acciones correctivas al respecto". (Citas omitidas.) *HRS Erase, Inc. v. Centro Médico del Turabo, Inc.*, 205 DPR 689, 702-703, (2020).

**III**

El apelante realizó un único señalamiento de error y su discusión se resume en que el foro primario abusó de su discreción al desestimar el caso sin haber tomado medidas alternas antes de imponer tal sanción tan drástica. De entrada, adelantamos que, luego de una evaluación ponderada del expediente del caso, coincidimos con que el tribunal erró en su decisión. Veamos.

En el año 2023 fue la primera ocasión en que transcurrió un periodo de tiempo mayor de seis meses sin que este tuviese trámite alguno. Por tal motivo, el TPI ordenó al apelante mostrar causa y así hizo, por lo que se dio por cumplida la *Orden* del 27 de octubre de 2023. En esta ocasión no hubo sanción alguna ni se apercibió a la parte directamente. Nuevamente, en el año 2024, sucedió un comportamiento similar donde luego de que el foro apelado ordenara a las partes a ponerse de acuerdo para comunicar al tribunal fechas alternas para celebrar el juicio en su fondo, ninguna de estas emitió comunicación alguna al respecto. Por consiguiente, ya transcurrido un periodo mayor de seis meses, de nuevo el TPI ordenó a las partes, el 6 de agosto de 2024, a mostrar causa por su inercia. Sobre esta orden el tribunal instruyó que se notificara tanto a las partes como a sus respectivos abogados. Tal instrucción obedece al texto claro de la Regla 39.2(b), la cual exige lo siguiente:

> El tribunal ordenará la desestimación y el archivo de todos los asuntos civiles pendientes en los cuales no se haya efectuado trámite alguno por cualquiera de las partes durante los últimos seis meses, a menos que tal inactividad se le justifique oportunamente. Mociones sobre suspensión o transferencia de vista o de prórroga no serán consideradas como un trámite a los fines de esta regla. El tribunal dictará una orden en todos dichos asuntos, **la cual se notificará a las partes y al abogado o abogada,** requiriéndoles dentro del término de diez (10) días desde que el Secretario o Secretaria les notifique, que expongan por escrito las razones por las cuales no deban desestimarse y archivarse los mismos. (Énfasis nuestro.) 32 LPRA Ap. V, R. 39.2(b).

No obstante, surge de la notificación que esta se comunicó únicamente a los abogados y no a las partes. Al no cumplir con lo establecido como norma por nuestro Tribunal Supremo, el cual es aplicable a una desestimación al amparo de la Regla 39.2(a) como a la Regla 39.2(b), ciertamente el foro primario erró al no recurrir a sanciones alternas, ni apercibir directamente a las partes previo a la desestimación del caso. Incluso, dicha desestimación se ordenó con perjuicio por lo que da muerte a la causa de acción de la parte sin la parte haber tenido la oportunidad de corregir los incumplimientos. Adicionalmente, no consideramos que la situación de hechos del pleito constituye un caso extremo que amerite su desestimación, tampoco quedó demostrado de manera clara e inequívoca que se trataba de un abandono total de la parte con interés y de igual manera no hubo sanciones que se hayan probado ineficaces en el orden de administrar la justicia. Por tanto, no hallamos justificada la desestimación del caso y resolvemos que el foro primario abusó de su discreción al así ordenarlo.

**IV**

Por los fundamentos que anteceden, revocamos el dictamen apelado y ordenamos se continúen los procedimientos según lo aquí dispuesto.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones