ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| **LUZ M. FELICIANO MONTALVO Y OTROS**<br><br>Apelado<br><br>v.<br><br>**CARIBBEAN MEDICAL CENTER Y OTROS**<br><br>Apelante | KLAN202500500 | **APELACIÓN** procedente del Tribunal de Primera Instancia, Sala Superior de **Fajardo**<br><br>Civil Núm.:<br>**FA2018CV00611**<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Juez Barresi Ramos y el Juez Sánchez Báez.[1]

Cintrón Cintrón, Jueza Ponente.

## SENTENCIA

En San Juan, Puerto Rico, a 18 de julio de 2025.

Comparece ante este foro revisor, el Dr. José R. Ortíz Feliciano (doctor Ortíz Feliciano o parte apelante) y nos solicita que revoquemos la *Sentencia Final* notificada el 16 de abril de 2025, por el Tribunal de Primera Instancia (TPI), Sala Superior de Fajardo. Mediante el referido dictamen, el TPI desestimó sin perjuicio la causa de acción instada por el doctor Ortíz Feliciano, en virtud de la Regla 39.2(a) de Procedimiento Civil, 32 LPRA Ap. V, R. 39.2.

Por los fundamentos que expondremos a continuación, se revoca la *Sentencia Final* apelada.

### I.

Para una adecuada comprensión del caso de autos, a continuación exponemos un breve recuento del trasfondo procesal, el cual tiene su origen en los casos número *NCSI201700496* y *FA2018CV00611*.

---

[1] Véase *Orden Administrativa DJ 2024-062C* de 6 de mayo de 2025, sobre enmienda a la orden de designación de Paneles en el Tribunal de Apelaciones. El juez Sánchez Báez sustituye a la jueza Rivera Marchand.

En primer lugar, el caso número *NCSI201700496,* se originó el 27 de noviembre de 2017, cuando el doctor Ortíz Feliciano instó una *Demanda* en contra de Caribe Physicians Plaza Corporation h/n/c Caribbean Medical Center (Caribe Physicians) sobre injunction, sentencia declaratoria, violación de derechos inalienables y constitucionales e incumplimiento de contrato. Sin embargo, más adelante, el doctor Ortíz Feliciano solicitó desistir sin perjuicio de su reclamación y el foro primario así se lo concedió el 6 de agosto de 2019.

Ahora bien, tras haber sido demandado junto con Caribe Physicians en un nuevo pleito (*FA2018CV006110*), el cual fue incoado por la Sra. Luz M. Feliciano Montalvo y el Sr. Roberto Montalvo Quiles (en conjunto, matrimonio), el doctor Ortíz Feliciano incluyó, como parte de su *Contestación a la Demanda Contra Coparte y Reconvención,* la reclamación que había sido desistida previamente en el caso *NCSI201700496.*

El 4 de mayo de 2020, el matrimonio solicitó desistir con perjuicio de su causa de acción en contra de Caribe Physicians y The Medical Protective Company. No obstante, la reclamación del matrimonio en contra del doctor Ortíz Feliciano, la demanda contra coparte instada por Caribe Physicians y la reconvención del doctor Ortíz Feliciano continuaron siendo atendidas por el tribunal hasta que, el 29 de julio de 2022, el foro primario emitió una sentencia decretando la paralización del caso *FA2018CV006110.* Esto por razón de que el doctor Ortíz Feliciano se acogió al Capítulo 13 del Código de Quiebras Federal.

El 8 de mayo de 2023, el doctor Ortíz Feliciano presentó *Moción para Reactivar la Demanda de Co-Parte.* Atendido el asunto, el 2 de agosto de 2023, el foro de instancia emitió *Orden* mediante la cual reabrió el caso únicamente en cuanto a las reclamaciones

contenidas en la reconvención presentada por el doctor Ortíz Feliciano contra Caribe Physicians.

Luego de varias incidencias procesales, Caribe Physicians presentó una *Solicitud de Orden* para que la Junta de Licenciamiento y Disciplina Médica de Puerto Rico del Departamento de Salud (Junta de Licenciamiento) produjera copia certificada del expediente de la investigación efectuada al doctor Ortíz Feliciano.

El 26 de septiembre de 2024, el doctor Ortíz Feliciano presentó *Moción Solicitando Extensión de Términos*. En esta, adujo que debido a complicaciones en el calendario de su representación legal, no se podría celebrar una deposición según fuera pautada. Además, indicó que lo anterior, a su vez, trastocaba por completo el itinerario de deposiciones y la conclusión del descubrimiento de prueba dentro de la fecha establecida. Por lo que, solicitó al foro primario que extendiera el término para presentar una moción conjunta y el término para concluir el descubrimiento de prueba.

Asimismo, el 26 de noviembre de 2024, ambas partes presentaron *Moción Conjunta Informativa y Para Conversión de Vista*. Allí alegaron que, debido al retraso ocasionado al descubrimiento de prueba por el incumplimiento de la Junta de Licenciamiento con las órdenes dictadas por el foro primario, no se encontraban listos para la Conferencia con Antelación al Juicio o para una Vista Transaccional.

Así las cosas, el foro de instancia emitió una *Orden* el 27 de noviembre de 2024. Mediante la misma, impuso una sanción de quinientos dólares ($500.00) a los abogados de las partes y concedió una última oportunidad para culminar el descubrimiento de prueba. Además, dispuso que se apercibía al doctor Ortíz Feliciano de "que un nuevo incumplimiento por su parte, da[ría] lugar a la Desestimación de su causa de acción" y que "[n]o ha[bría] más

suspensiones ni conversiones de clase alguna" e instruyó que se les notificase a las partes.

Sin embargo, luego de que ambas partes presentaran sus respectivos escritos solicitando reconsideración, el foro de instancia redujo la sanción a cien dólares ($100.00). Ello tomando en consideración que su primera determinación no había sido emitida a tiempo, lo que pudo haber creado alguna confusión a las partes, según fuera alegado por estas.

Luego, el 15 de enero de 2025, Caribe Physicians presentó *Moción Informativa y en Solicitud de Orden* en la que explicó que, tras un examen detenido del expediente producido por la Junta de Licenciamiento, se percató que el expediente entregado no correspondía al que se había requerido mediante las órdenes previamente dictadas por el foro primario, motivo por el cual había tenido que suspender la deposición del doctor Ortíz Feliciano. Por esta razón, solicitó al foro de instancia que emitiera una nueva orden a la Junta de Licenciamiento y que extendiera nuevamente el descubrimiento de prueba.

El 14 de abril de 2025, Caribe Physicians instó *Moción Informativa, Solicitud de Orden, y para el Cambio de la Vista de Conferencia con Antelación al Juicio a Vista sobre el Estado de los Procedimientos sin Oposición*. Allí informó que no había obtenido aún los documentos requeridos a la Junta de Licenciamiento y solicitó al tribunal una vez más que extendiera el descubrimiento de prueba.

En respuesta, el 15 de abril de 2025, el tribunal de instancia emitió la *Sentencia Final* aquí impugnada. Mediante la misma, desestimó sin perjuicio la causa de acción instada por el doctor Ortíz Feliciano, en virtud de la Regla 39.2(a) de Procedimiento Civil, *supra*. Esbozó que había brindado amplia oportunidad a las partes para corregir los incumplimientos y señaló que al estas haber hecho caso

omiso de las advertencias y órdenes emitidas, demostraban dejadez, inacción y abandono de su causa de acción.

En desacuerdo, el 1 de mayo de 2025, el doctor Ortíz Feliciano presentó *Moción de Reconsideración,* pero la misma fue denegada por el foro primario.

Aun insatisfecho, el 2 de junio de 2025, el doctor Ortíz Feliciano, acudió ante este foro revisor señalando el siguiente error:

> Erró el TPI al haber desestimado la reclamación del Apelante a pesar de que éste no fue quien, con su incumplimiento, ocasionó la dilación en el descubrimiento de prueba y a pesar de que el Apelante nunca fue notificado con las órdenes del TPI ni apercibido que su reclamación podría ser desestimada.

El 24 de junio de 2025, la parte apelada, Caribe Physicians, compareció mediante *Moción Suscribiendo y Uniéndose al Recurso de Apelación presentado por la Parte Dr. José R. Ortíz Feliciano.*

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

## II.

Nuestro ordenamiento favorece la política judicial de que los casos se ventilen en sus méritos de manera justa, rápida y económica, pues de esa manera se cumple con el interés de que todo litigante tenga su día en corte. Lo anterior no implica que una parte adquiera el derecho a que su caso tenga vida eterna en los tribunales, manteniendo a la otra parte en un estado de incertidumbre, sin más excusa para su falta de diligencia e interés en su tramitación que una escueta referencia a circunstancias especiales. *Mejías et al. v. Carrasquillo et al.*, 185 DPR 288, 298 (2012); *Mun. de Arecibo v. Almac. Yakima,* 154 DPR 217, 222-223 (2001); *Dávila v. Hosp. San Miguel, Inc.,* 117 DPR 807, 816 (1986).

La Regla 39.2 de Procedimiento Civil, 32 LPRA Ap. V. R. 39.2, permite al tribunal desestimar la presentación de un pleito cuando las partes incumplen, tanto con las Reglas de Procedimiento Civil,

como con cualquier orden emitida por el tribunal. *HRS Erase, Inc. v. Centro Médico del Turabo, Inc.*, 205 DPR 689 (2020). La desestimación también puede ocurrir cuando no se hubiera efectuado trámite alguno por las partes durante un término de seis (6) meses.

En lo pertinente a la controversia ante nuestra consideración, la referida regla dispone que:

(a) Si el demandante deja de cumplir con estas reglas o con cualquier orden del tribunal, el tribunal a iniciativa propia o a solicitud del demandado podrá decretar la desestimación del pleito o de cualquier reclamación contra él, o la eliminación de las alegaciones, según corresponda.

**Cuando se trate de un primer incumplimiento, la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones tan sólo procederá después que el tribunal, en primer término, haya apercibido al abogado o abogada de la parte de la situación y se le haya concedido la oportunidad para responder. Si el abogado o abogada de la parte no responde a tal apercibimiento, el tribunal procederá a imponer sanciones al abogado o la abogada de la parte y se notificará directamente a la parte sobre la situación. Luego de que la parte haya sido debidamente informada o apercibida de la situación y de las consecuencias que pueda tener el que ésta no sea corregida, el tribunal podrá ordenar la desestimación del pleito o la eliminación de las alegaciones. El tribunal concederá a la parte un término de tiempo razonable para corregir la situación, que en ningún caso será menor de treinta (30) días, a menos que las circunstancias del caso justifiquen que se reduzca el término..**

(b) […]

El tribunal dictará una orden en todos dichos asuntos, la cual se notificará a las partes y al abogado o abogada, requiriéndoles dentro del término de diez (10) días desde que el Secretario o Secretaria les notifique, que expongan por escrito las razones por las cuales no deban desestimarse y archivarse los asuntos.

32 LPRA Ap. V, R. 39.2. (Énfasis nuestro).

La referida disposición desalienta la congestión de casos en los calendarios judiciales, a causa de la inacción o dejadez de las partes en el trámite de sus reclamaciones y, por el incumplimiento

de dichas partes con las órdenes del tribunal. De esta manera, el tribunal tiene la potestad para sancionar de diversas formas a las partes litigantes que dilatan innecesariamente los procesos. Véase, *Sánchez Rodríguez v. Adm. de Corrección*, 177 DPR 714, 721 (2009).

No obstante, "la desestimación como sanción es una medida sumamente drástica a la que sólo debe acudirse en casos extremos en los que no exista duda sobre la irresponsabilidad de la parte así sancionada" y "después que otras sanciones hayan probado ser ineficaces en el orden de administrar justicia y, en todo caso, no debería procederse a ella sin un previo apercibimiento". *SLG Sierra v. Rodríguez*, 163 DPR 738, 746 (2005); *Ramírez de Arellano v. Srio. de Hacienda*, 85 DPR 823, 829-830 (1962). Nuestro Más Alto Foro ha indicado que desestimar una demanda como medio de sanción tiene el efecto de privar a un ciudadano de la función judicial de adjudicación que forma parte de nuestra estructura constitucional, privándole la oportunidad de un día en corte para hacer valer en los méritos su derecho a reclamar. *Íd.*

Ahora bien, planteada una situación que amerita sanciones, el Tribunal deberá en primera instancia, imponerlas al abogado de la parte. *Mun. de Arecibo v. Almac. Yakima,* supra, págs. 222-223. Si dicha acción disciplinaria no surte efectos positivos, procederá la imposición severa de la desestimación de la demanda o eliminación de las alegaciones únicamente después que la parte haya sido propiamente informada y apercibida de la situación y de las consecuencias que pueda tener el que ésta no sea corregida. *Íd.*

Con relación a lo anterior, en *Echevarría Jiménez v. Sucn. Pérez Meri*, 123 DPR 664, 674-675 (1989), citando a J.A. Cuevas Segarra, *Práctica Procesal Puertorriqueña: Procedimiento Civil, San Juan,* Pubs. JTS, 1985, Vol. II, Cap. VI, pág. 206, el Tribunal Supremo expresó:

Una vez las partes expongan las razones por las cuales no se deba desestimar el caso, el tribunal debe balancear los intereses envueltos: 'de un lado, la necesidad del tribunal de supervisar su calendario, el interés público en la resolución expedita de los casos y [más importante aún] el riesgo de p[er]juicio al demandado por la dilación; por lo que de no demostrarse p[er]juicio verdadero con la dilación es irrazonable ordenar el archivo'.

### III.

En su único señalamiento de error, la parte apelante objeta la *Sentencia Final* dictada por el foro primario, fundamentándose en que no fue quien, con su incumplimiento, ocasionó la dilación en el descubrimiento de prueba. A esos efectos, arguye que estuvo en espera de que Caribe Physicians obtuviera la documentación requerida a la Junta de Licenciamiento para entonces someterse a su deposición. Además, el doctor Ortíz Feliciano esboza que nunca se le notificó directamente las órdenes emitidas por el tribunal de instancia el 27 de noviembre de 2024 ni apercibido de que su reclamación podría ser desestimada. Por lo que concluye que, conforme a las Reglas de Procedimiento Civil, la falta de una notificación directa a su persona privó al tribunal de la facultad de desestimar el caso. A su vez, Caribe Physicians sostiene que concurre con los planteamientos y argumentos esbozados por el doctor Ortíz Feliciano.

Así las cosas, debemos determinar si el tribunal de instancia cometió un abuso de discreción al desestimar la reclamación del doctor Ortíz Feliciano. Examinado cuidadosamente la totalidad del expediente ante nuestra consideración, concluimos que sí. Veamos.

Surge del expediente que, el 27 de noviembre de 2024, el TPI emitió *Orden* suspendiendo la Conferencia con Antelación al Juicio según solicitado por las partes en su *Moción Conjunta Informativa y para Conversión de Vista*. Notamos, que, en esta, **por primera vez**, el foro primario impuso sanciones económicas a los abogados, basado en el incumplimiento con las Reglas 37.4 y 37.5 de

Procedimiento Civil. Además, también, **por primera vez**, apercibió al doctor Ortíz Feliciano de que un nuevo incumplimiento por su parte resultaría en la desestimación de su causa de acción. No obstante, la referida orden se le notificó a los abogados y **no fue notificada directamente a las partes**, aun cuando así fuera instruido por el juez de instancia.

A su vez, en la misma fecha, el foro primario notificó una segunda *Orden* mediante la cual declaró académica, por no haber sido notificada a tiempo, la primera solicitud de extensión de términos incoada por el doctor Ortíz Feliciano. No obstante, al igual que sucedió con la orden anterior, nos percatamos que esta segunda orden fue notificada únicamente a los abogados de las partes. Es decir, que **tampoco se notificó a las partes**.

Sin embargo, luego de que las partes continuaran solicitando extensión de los términos, el TPI recurrió a emitir una *Sentencia Final* el 15 de abril de 2025, mediante la cual tomó la drástica determinación de desestimar la causa de acción del doctor Ortíz Feliciano. A esos efectos, esbozó que conforme a la Regla 39.2(a) de Procedimiento Civil, podía desestimar el pleito, "[l]uego de que la parte haya sido debidamente informada o apercibida de la situación y de las consecuencias que pueda tener el que la misma no sea corregida...". Además, manifestó haber concedido amplia oportunidad a las partes para corregir los incumplimientos e indicó que estas hicieron caso omiso de las advertencias y órdenes emitidas.

Luego de analizar detenidamente el expediente, somos del criterio de que el foro *a quo* abusó de su discreción al emitir su pronunciamiento. Es indiscutible que las partes incumplieron en múltiples ocasiones con las órdenes del foro primario. No obstante, ello de por sí no acarreaba la desestimación del caso.

Según expuesto, para utilizar la sanción de la desestimación permitida por la Regla 39.2(a) de Procedimiento Civil, *supra,* el tribunal debía cumplir con varios pasos previo a proceder con la drástica sanción de desestimar el caso. En ese sentido, se desprende del expediente que, el foro de instancia apercibió en varias ocasiones a los representantes legales de las partes de sus alegadas fallas procesales e incluso impuso sanciones económicas por los incumplimientos. Sin embargo, de este no se desprende, que el foro apelado haya advertido directamente a las partes de la situación del caso y de la posible desestimación si no se efectuaban medidas correctivas. El tribunal recurrió a imponer la extrema y severa sanción de la desestimación de la reconvención sin asegurarse de cumplir a cabalidad con el proceso que provee la Regla 39.2(a) de Procedimiento Civil, *supra,* y la jurisprudencia aplicable. *Mun. de Arecibo v. Almac. Yakima,* supra, págs. 224-225. Por tanto, evidentemente, el tribunal de instancia erró y se extralimitó al así proceder. Únicamente cuando las medidas progresivas aplicables fueran infructíferas se justificaba la desestimación de la causa de acción de epígrafe.

**IV.**

Por los fundamentos antes esbozados, ***revocamos*** la *Sentencia Final* emitida por el Tribunal de Primera Instancia, Sala Superior de Fajardo, y devolvemos el caso al foro de instancia para la continuación de los procedimientos de conformidad con lo aquí resuelto.

Lo acordó el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones